UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
XAVIERA MARBURY, individually and on            :
behalf of others similarly situated,            :
                                                :
                                    Plaintiff,  :        Case No. 1:20-cv-3210
                                                :
                    -against-                   :        **CLASS ACTION COMPLAINT**
                                                :        **(JURY TRIAL DEMANDED)**
PACE UNIVERSITY,                                :
                                                :
                                    Defendant.  :
                                                :
-------------------------------------------------------------x

Plaintiff Xaviera Marbury ("Plaintiff") by and through undersigned counsel, brings this

action against Pace University ("Defendant" or the "University") on behalf of herself and all

others similarly situated, and makes the following allegations based upon information, attorney

investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this case as a result of Defendant's decision to close campus,

constructively evict students, and transition all classes to an online/remote format as a result of

the Novel Coronavirus Disease ("COVID-19").

2.      While closing campus and transitioning to online classes was the right thing for

Defendant to do, this decision deprived Plaintiff and the other members of the Class from

recognizing the benefits of in-person instruction, housing, meals, access to campus facilities,

student activities, and other benefits and services in exchange for which they had already paid

fees and tuition.

3.      Defendant has either refused to provide reimbursement for the tuition, housing,

meals, fees and other costs that Defendant is no longer providing, or has provided inadequate

and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4.      This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5.      Defendant Pace University is an institution of higher learning located in New York City, New York.

6.      Upon information and belief, Defendant has an estimated endowment of approximately $182 Million.[1]

7.      Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act.  The CARES Act directs that approximately $14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8.      Plaintiff is an individual and a resident and citizen of the State of New York.

9.      Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying business.

10.     Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing.

11.     There are hundreds, if not thousands, of institutions of higher learning in this country.

12.     Some institutions of higher learning provide curriculum and instruction that is

---

[1] https://www.pace.edu/sites/default/files/files/finance-administration/financial-treasury-services/financial-statements/financial-statements-2018.pdf

offered on a remote basis through online programming which do not provide for physical attendance by the students.

13.     Defendant's institution offers  in-person, hands-on curriculum.

14.     Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in person basis.

15.     Indeed, Defendant specifically markets the benefits of its on-campus learning experience:[2]



<hr />

[2] https://www.pace.edu/nyc



### THE CITY IS YOUR CLASSROOM

At Pace, learning extends beyond the classroom walls. Our dedicated professors are often working professionals who bring their expertise to Pace students. And, with the Big Apple as your backdrop, you can achieve anything. Explore finance at the stock exchange, engage in diplomacy at the UN, participate in the hackathons at Google. The opportunities are endless.



### BIG CITY, BIGGER CONNECTIONS

What they say is true: if you can make it here, you can make it anywhere. NYC is home to some of the world's biggest companies and a network of successful faculty, alumni, and peers, who will help you work your way from a cubicle to a corner office.



### WE'VE TRANSFORMED OUR CAMPUS FOR YOU

Brand new student center, student commons, study spaces, faculty and student collaboration spaces, two new residence halls including the world's tallest, and much more. We're here for YOU - and these new spaces reflect that.



### DOWNTOWN IS WHAT'S UP

At the foot of the iconic Brooklyn Bridge, Pace's downtown location places you at the epicenter of cutting-edge tech, the avant-garde art scene, and the fast-paced culture of Wall Street. Now one of the city's most exciting destinations for the arts, food, shopping, and sight-seeing, it's clear to see why NYC's oldest neighborhood is being called the new New York. Plan your visit today.

16.     As such, the higher tuition for in-person instruction at Defendant's institution necessarily covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

    i.     Face-to-face interaction with professors, mentors, and peers;

    ii.     Access to facilities such as computer labs, study rooms, laboratories, libraries,

etc.;

iii.    Student governance and student unions;

iv.    Extra-curricular activities, groups, intramurals, etc.;

v.    Student art, cultures, and other activities;

vi.    Social development and independence;

vii.    Hands-on learning and experimentation; and

viii.    Networking and mentorship opportunities.

17.    Plaintiff's education has been changed from in-person, hands-on learning to online instruction.

18.    Plaintiff's online instruction is not commensurate with the same classes being taught in person, as she is missing out on the benefits and opportunities described above, among others.

19.    In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to:

a.    General Fee;

b.    Activity Fee;

c.    Health Center Fee; and

d.    Technology Fee.

20.    According to Defendant, the General Fee is intended to cover "costs associated with ancillary services provided to students which are not covered by tuition: advisement, registration, tutoring and writing centers, library services, co-op and career services, inter-campus transportation, safety and security, parking, and athletic activities."[3]

---

[3] https://pace.smartcatalogiq.com/en/2019-2020/Graduate-Catalog/General-University/Tuition-and-Fees/Special-Course-Fees/

21.     Upon information and belief, the Activity Fee is intended to cover a range of student activities including student government, student associations and clubs, intramurals, and other similar experiential opportunities.

22.     The Health Center Fee is intended to support costs for the "University Health Care Unit" which gives students physical access to nurse practitioners and registered nurses who are trained in diagnosing and treating illnesses, and prescribing medication.[4]

23.     The Technology Fee is intended to provide students  "access to the latest instructional technology resources available" such as computer labs and other on campus technology.[5]

24.     As a result of being restricted from campus, Plaintiff and members of the Fees Class (as defined below in paragraph 53) no longer have the benefit of the services for which these fees have been paid.  For example, Plaintiff no longer has access to tutoring and writing centers, libraries, the university healthcare unit, or campus computer labs; no longer requires transportation, safety, security, or parking benefits; and no longer has the ability to participate in athletic activities or student activities.

25.     In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees to reside in campus housing and for a meal plan providing for on campus dining.

26.     At Defendant's request and direction, Plaintiff moved out of on-campus housing on March 11, 2020 and has not lived on campus since, nor had access to any meals under her meal plan since that date.

## JURISDICTION AND VENUE

27.     This Court has jurisdiction over this action pursuant to the Class Action Fairness

---

[4] Id.
[5] Id.

Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship

from one Defendant, there are more than 100 Class members, and the aggregate amount in

controversy exceeds $5 million, exclusive of interest and costs.

28.     This Court has personal jurisdiction over Defendant because Defendant is

domiciled in New York and conducts business in New York.

29.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

part of the events or omissions giving rise to the claims occurred in this District, and because

Defendant is an educational institution domiciled and doing business in this District.

**FACTUAL ALLEGATIONS**

30.     Upon information and belief, Defendant's Spring term began on or about January

27, 2020.[6]

31.     Upon information and belief, Defendant's Spring term was scheduled to conclude

on or about May 16, 2020.[7]

32.     Accordingly, Defendant's Spring semester was scheduled and contracted to

consist of approximately 110 days.

33.     However, as a result of the COVID-19 pandemic, Defendant announced on March

10, 2020 that it was moving all classes online effective immediately.[8]  The move to online

instruction was originally supposed to occur until March 29, 2020, but was extended to apply to

the remainder of the entire semester.[9]

34.     Plaintiff left campus on or about March 11, 2020 for spring break, with plans to

---

[6] https://www.pace.edu/sites/default/files/files/OSA/academic-scheduling/academic-calendar-2019-2020.pdf
[7] Id.
[8] https://myemail.constantcontact.com/Coronavirus-Update--Remote-learning-starts-tomorrow.html?soid=1103481471610&aid=TfKERJBMl_w
[9] https://myemail.constantcontact.com/Coronavirus-Update--Spring-Semester--Commencement--and-More.html?soid=1103481471610&aid=UBum98S-Y2c

return on or about March 22, 2020.

35.     However, on March 18, 2020, Defendant issued another announcement encouraging students to move out of their residence halls and return home, or to stay home if such students had already left for spring break.[10]

36.     Plaintiff was not even permitted back on campus to move her belongings out of her dorm room.

37.     In this same announcement, Defendant insisted they were "analyzing options for issuing refunds or credits where appropriate."[11]

38.     Almost immediately, students began demanding refunds for the fees and charges demanded in this action.

39.     As early as April 1, 2020, the students at Defendant's institution started the first change.org petition.  There are currently at least two such petitions on the change.org website with nearly 2,000 signatures.[12]

40.     Defendant has announced that it will issue on-campus housing refunds as follows: $2,000 for students living on the New York campus and $1,600 for students living on the Pleasantville campus and at Haub Law.[13]

41.     This planned refund is both completely arbitrary and wholly inadequate.

42.     Upon information and belief, the average dorm rent for the New York campus is $10,073 per semester and the average dorm rent for the Westchester Campus is $8,000 per semester.[14]

---

[10] Id.
[11] Id.
[12] See, e.g., https://www.change.org/p/provost-at-pace-university-help-pace-students-to-get-the-refund-they-deserve; https://www.change.org/p/pace-university-administration-pace-university-petition-covid-19-pandemic-fe4453c5-18a3-4d82-b3de-38266119e9a6?source_location=topic_page
[13] https://www.pace.edu/coronavirus/faculty-staff-students/faq-students
[14] https://www.pace.edu/admissions-aid/undergraduate-admissions/freshman/cost-attendance

43.     Plaintiff's rent for Beekman Dorm for the Spring 2020 semester was $9,380.

44.     The housing cost refund offered by Defendant equates to a refund of roughly 20% of the full cost that Plaintiff and members of the On-Campus Housing Class (as defined below in paragraph 53) had already pre-paid.

45.     This refund is arbitrary and inadequate given that Plaintiff and other members of the On-Campus Housing Class have been and will be deprived of roughly 50% of the on-campus housing time for which they have already bargained and paid.

46.     Defendant offered no explanation for how they calculated this refund offer.

47.     Defendant has refused, and continues to refuse, to offer any refund whatsoever on its meal plans.

48.     Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Tuition Class (as defined below in paragraph 53) have been and will be deprived of the benefits of on campus learning as set forth more fully above.

49.     Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of a recipient's life.

50.     However, Defendant has failed and continues to fail to offer any type of pro-rated refund on tuition.

51.     Moreover, Plaintiffs and members of the proposed Fees Class (as defined below in paragraph 53) have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, activities, and other opportunities.

52.     However, Defendant has failed and continues to fail to offer any type of pro-rated refund on fees.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to

the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

Classes:

> **The Tuition Class:**
>
> All people who paid tuition for or on behalf of students enrolled in classes at the
> University for the Spring 2020 semester but were denied live in-person instruction
> and forced to use online distance learning platforms for the latter portion of that
> semester.
>
> **The Fees Class:**
>
> All people who paid fees for or on behalf of students enrolled in classes at the
> University for the Spring 2020 semester.
>
> **The On-Campus Housing Class:**
>
> All people who paid the costs of on-campus housing for or on behalf of students
> enrolled in classes at the University for the Spring 2020 semester who moved out
> of their on-campus housing prior to the completion of the semester because of
> Defendant's policies and announcements related to COVID-19.
>
> **The Meals Class:**
>
> All people who paid costs for or on behalf of students for meals and on-campus
> dining at the University for the Spring 2020 semester.

54.     Excluded from the Classes are The Board of Trustees of Pace University (or other

similar governing body) and any of their respective members, affiliates, parents, subsidiaries,

officers, directors, employees, successors, or assigns; and the judicial officers, and their

immediate family members, and Court staff assigned to this case.  Plaintiffs reserve the right to

modify or amend the Class definitions, as appropriate, during the course of this litigation.

55.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

56.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

57.     The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

58.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

i.     Whether Defendant engaged in the conduct alleged herein;

ii.     Whether there is a difference in value between online distance learning and live in-person instruction;

iii.     Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv.     Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v.  Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi.  Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii.  Whether Defendant breached its contracts with Plaintiff and the other members of the On-Campus Housing Class by not refunding them the full pro-rated amount of their housing expenses when the pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

viii.  Whether Defendant was unjustly enriched by retaining payments of Plaintiff and the other members of the On-Campus Housing Class while such members (or the students on whose behalf they paid) moved out of their on-campus housing;

ix.  Whether Defendant breached its contracts with Plaintiff and the other members of the Meals Class by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

x.  Whether Defendant was unjustly enriched by retaining payments of Plaintiff and the other members of the Meals Class without providing the food and on-campus dining options which those costs were intended to cover;

xi.  Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xii.  Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xiii.   The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

59.   Plaintiff's claim is typical of the other Class member's claims because, among

other things, all Class members were similarly situated and were comparably injured through

Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

60.   Plaintiff is an adequate Class representative because her interests do not conflict

with the interests of other members of the Class she seeks to represent.  Plaintiff has retained

counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the

action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and

her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

61.   A class action is superior to any other available means for the fair and efficient

adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

management of this class action.  The damages or other financial detriment suffered by Plaintiff

and other Class members are relatively small compared to the burden and expense that would be

required to individually litigate their claims against Defendant, so it would be impracticable for

members of the Class to individually seek redress for Defendant's wrongful conduct.

62.   Even if Class members could afford individual litigation, the Court system likely

could not.  Individualized litigation creates a potential for inconsistent or contradictory

judgments, and increases the delay and expense to all parties and the court system.  By contrast,

the class action device presents far fewer management difficulties and provides the benefits of

single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

63.     To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

64.     The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

65.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

66.     Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

67.     Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

68.     Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out of pocket or by using student loan financing.

69.     The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without

reducing or refunding tuition accordingly.

70.     The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

71.     Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

72.     As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include, but not be limited to, disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

73.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

74.     Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

75.     The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

76.     Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

77.     Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

78.     Defendant has realized this benefit by accepting such payment.

79.     Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

80.     Equity and good conscience require that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

81.     Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

82.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

83.     Plaintiff brings this count on behalf of herself and other members of the Fees Class.

84.     Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

85.     Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out of pocket or by using student financing.

86.     The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, without reducing or refunding fees accordingly.

87.     The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

88.     Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the benefits and services the fees were intended to cover.

89.     As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include, but not be limited to, disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

90.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

91.     Plaintiff brings this count on behalf of herself and other members of the Fees Class.

92.     The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

93.     Plaintiff and other members of the Fees Class paid substantial student fees for on-campus benefits and services and did not receive the full benefit of the bargain.

94.     Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

95.     Defendant has realized this benefit by accepting such payment.

96.     Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the

17

circumstances.

97.     Equity and good conscience require that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

98.     Defendant should be required to disgorge this unjust enrichment.

**FOR A FIFTH COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the On-Campus Housing Class)**

99.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

100.     Plaintiff brings this count on behalf of herself and other members of the On-Campus Housing Class.

101.     Plaintiff and the On-Campus Housing Class entered into contracts with the University which provided that Plaintiff and other members of the On-Campus Housing Class would pay certain fees for or on behalf of students and, in exchange, the University would provide on-campus housing to those students.

102.     Plaintiff and other members of the On-Campus Housing Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out of pockett or by using student financing.

103.     The University breached the contract with Plaintiff and the On-Campus Housing Class by moving all classes for the Spring 2020 semester to online distance learning platforms, and asked students to move out of on-campus housing facilities, thus constructively evicting them, without reducing or refunding fees accordingly.

104.     The University retained fees paid by Plaintiff and other members of the On-Campus Housing Class, without providing them the full benefit of their bargain.

105.     Plaintiff and other members of the On-Campus Housing Class have suffered

18

damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the housing that the room and board fees were intended to cover.

106.    As a direct and proximate result of Defendant's breach, Plaintiff and the On-Campus Housing Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include, but not be limited to, disgorgement of the pro-rata amount of fees that were collected but for which services were not provided.

### FOR A SIXTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the On-Campus Housing Class)

107.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

108.    Plaintiff brings this count on behalf of herself and other members of the On-Campus Housing Class.

109.    The University has received a benefit at the expense of Plaintiff and other members of the On-Campus Housing Class to which it is not entitled.

110.    Plaintiff and other members of the On-Campus Housing Class paid substantial room and board fees for the right to occupy on-campus housing and did not receive the full benefit of the bargain.

111.    Plaintiff and other members of the On-Campus Housing Class conferred this benefit on Defendant when they paid the fees.

112.    Defendant has realized this benefit by accepting such payment.

113.    Defendant has retained this benefit, even though Defendant has failed to provide the housing and other amenities for which the fees were collected, making Defendant's retention unjust under the circumstances.

114.    Equity and good conscience require that the University return a pro-rata portion of

the monies paid in fees to Plaintiff and other members of the On-Campus Housing Class.

115.   Defendant should be required to disgorge this unjust enrichment.

**FOR A SEVENTH COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Meals Class)**

116.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

117.   Plaintiff brings this count on behalf of herself and other members of the Meals Class.

118.   Plaintiff and the Meals Class entered into contracts with the University which provided that Plaintiff and other members of the Meals Class would pay certain fees for or on behalf of students and, in exchange, the University would provide meals and on-campus dining options.

119.   Plaintiff and other members of the Meals Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out of pocket or by using student financing.

120.   The University breached the contract with Plaintiff and the Meals Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, including dining facilities, without reducing or refunding these fees accordingly.

121.   The University retained fees paid by Plaintiff and other members of the Meals Class, without providing them the full benefit of their bargain.

122.   Plaintiff and other members of the Meals Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

123.     As a direct and proximate result of Defendant's breach, Plaintiff and the Meals Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which meals and services were not provided.

### FOR AN EIGHTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Meals Class)

124.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

125.     Plaintiff brings this count on behalf of herself and other members of the Meals Class.

126.     The University has received a benefit at the expense of Plaintiff and other members of the Meals Class to which it is not entitled.

127.     Plaintiff and other members of the Meals Class paid fees for access to on-campus meals and dining options.

128.     Plaintiff and other members of the Meals Class conferred this benefit on Defendant when they paid the fees.

129.     Defendant has realized this benefit by accepting such payment.

130.     Defendant has retained this benefit, even though Defendant has failed to provide the meals and services for which the fees were collected, making Defendant's retention unjust under the circumstances.

131.     Equity and good conscience requires that the University return a pro-rata portion of the monies paid in meal fees to Plaintiff and other members of the Meals Class.

132.     Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Classes, respectfully requests judgment in its favor and against Defendant as follows:

a.      Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.      Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.      Declaring that Defendant has wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

d.      Requiring that Defendant disgorge amounts wrongfully obtained for tuition, fees, on-campus housing, and meals;

e.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition, fees, on-campus housing, and meals;

f.      Scheduling a trial by jury in this action;

g.      Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.       Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

i.      Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 22, 2020

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP**


By: /s/ John M. Bradham

John M. Bradham (JB2342)
Peter B. Katzman (PK8030)
444 Madison Avenue, 4th Floor
New York, New York 10022
Tel: (212) 695-8050
Email:  jbradham@msbllp.com
           pkatzman@msbllp.com


-and-

**TOPTANI LAW PLLC**
Edward Toptani (ET6703)
375 Pearl Street, Suite 1410
New York, New York 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com


-and-

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin (*Pro Hac Vice* Admission Pending)
Roy T. Willey  IV (*Pro Hac Vice* Admission
Pending)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
           roy@akimlawfirm.com


**ATTORNEYS FOR PLAINTIFF(S)**