UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                              :
XAVIERA MARBURY, individually and on          :
behalf of others similarly situated,          :
                                              :
                             Plaintiff,       :        1:20-cv-03210-JMF
                                              :
              -v-                             :
                                              :
PACE UNIVERSITY,                              :
                                              :
                             Defendant.       :
                                              :
------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO APPOINT
INTERIM CLASS COUNSEL**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION……………………………………………………………….…………..1

STATEMENT OF FACTS…………………………………………………………………..2

APPLICABLE LAW…………………………………………………...…………………………2

ARGUMENT………………………………………………………………………....5

      I.      Proposed Interim Class Counsel Has Thoroughly Identified
and Investigated the Claims……………………………………………………5

      II.     Proposed Interim Class Counsel is Experienced in Handling
Class Actions and Other Complex Litigation……………………….…………6

             A.  Anastopoulo Law Firm…………………………………………………..7

             B.  Eric M. Poulin…………………………………………………………8

             C.  Roy T. Willey, IV……………………………………………...…..…9

      III.    Proposed Interim Class Counsel Has the Ability and Desire to
Commit the Necessary Resources to Represent the Classes……………..………11

CONCLUSION……………………………………………………………………..12

## <u>TABLE OF CASES</u>

<u>In re Municipal Derivative Antitrust Litig.</u>,
         252 F.R.D. 184 (S.D.N.Y. 2008)…………………………………..……….…….…....4

<u>In re Trader Joe's Tuna Litig.</u>,
         No. 2:16-cv-01371-ODW(AJWx), 2016 WL 7407329 (C.D. Cal. Dec. 21,
         (2016)…………………………………………….…………...………………..4

<u>Melgar v. Zicam</u>, LLC,
         2014 WL 5486676 (E.D. Cal. Oct. 29, 2014)………………….…………………….4

<u>Roe v. Arch Coal, Inc.</u>, No. 4:15-CV-1026 (SNLJ),
         2015 WL 6702288 (E.D. Mo. Nov. 2, 2015)………………..……………………3

<u>Tolmasoff v. GM, LLC</u>,
         No. 16-11747, 2016 WL 3548219 (E.D. Mich. June 30, 2016)………………………..3

## TABLE OF AUTHORITIES

**RULES**

Fed. R.Civ. P. 23(g)…………………………………………...………..…..…2

Fed. R. Civ. P. 23(g)(1)……………………………………………...……….4

Fed. R. Civ. P. 23(g)(1)(A)…………………………………………………..4

Fed. R. Civ. P. 23(g)(1)(A)(ii-iii)…………………...…………………………6

Fed. R. Civ. P. 23(g)(2)(A)…………………………………………..….……2

**OTHER AUTHORITITIES**

Manual for Complex Litigation (4th ed.)……………………………………………..2,4

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007)……………………………………..5

## INTRODUCTION

Plaintiff Xaviera Marbury ("Plaintiff") submits and moves under Rule 23(g)(3) of the Federal Rules of Civil Procedure ("FRCP"), for an order appointing Eric M. Poulin and Roy T. Willey, IV of Anastopoulo Law Firm, LLC ("Anastopoulo") as lead interim class counsel, and John M. Bradham of Morea Schwartz Bradham Friedman & Brown LLP ("Morea Schwartz Bradham") and Edward Toptani of Toptani Law PLLC ("Toptani") as interim liaison class co-counsel. Mr. Poulin and Mr. Willey and their firm have significant nationwide consumer class action and complex litigation experience, knowledge of the applicable law, and substantial resources to litigate these actions. They also have a proven track record of success in complex litigation that will be of great benefit to the proposed class(es). Appointment of interim class counsel will promote efficiency, conserve judicial resources and create a unified voice for putative class members that will streamline this litigation with a team capable of taking the case to trial if necessary.

Specific to tuition refund litigation, Courts have already recognized Proposed Interim Class Counsel's experience and qualifications to serve as interim lead counsel. Attorneys Willey and/or Poulin have already been appointed lead or co-lead counsel in *In re Columbia University Tuition Refund Action* in the Southern District of New York (1:20-cv-03208-JMF); *Montesano v. Catholic University of America* (1:20-cv-01496-DLF) and *Quereshi v. American University* (1:20-cv-01141-CRC) in the District of Columbia; *Ryan v. Temple University* (5:20-cv-02164-JMG) in the Eastern District of Pennsylvania; *In re: University of Miami COVID-19 Tuition and Fee Refund Litigation* (2:20-cv-60851-CIV-SINGHAL) in the Southern District of Florida, and *Rifat v. Board of Trustees of the California State University* (2:20-cv-03833-SVW-SK). Additionally, the firm awaits resolution of other leadership appointment requests and are otherwise leading nationally in this emerging field.

1

Anastopoulo, Morea Schwartz Bradham and Toptani are already working together on *In re Columbia University Tuition Refund Action* as well as many others and have formed a good working relationship that will benefit the proposed Classes. Anastopoulo's participation in tuition and fee refund litigation nationally creates a tremendous economy of scale that will benefit the Classes. Such scale will enable counsel to streamline such things as discovery requests, expert retention, and briefing, saving time and reducing ultimate costs to the Classes.

## STATEMENT OF FACTS

This case arises out of the closure of Defendant Pace University's ("Defendant") campus as a result of COVID-19. Plaintiff alleges that they and members of the proposed Classes paid substantial consideration in the form of tuition for the right to enroll and take on-campus classes at Defendant's University. Plaintiff further alleges that they and members of the proposed Classes paid substantial fees for the right to access campus facilities, use of campus services, and in exchange for receiving other benefits and services from Defendant. Plaintiff alleges that, when Defendant closed its University and prohibited students from accessing campus midway through the Spring 2020 Semester, Plaintiff and members of the Classes did not get the benefit of the bargain for which they had paid and the University had agreed to provide. The Complaint alleges alternative theories of breach of contract and unjust enrichment. Plaintiff and members of the Classes seek the pro-rata difference between what they contracted and paid for versus what they actually received.

## APPLICABLE LAW

The appointment of interim class counsel is recommended early, before class certification to protect the interests of the putative class. See Fed. R. Civ. P. 23(g); Manual for Complex Litigation (4th ed.); see also Fed. R. Civ. P. 23(g)(2)(A) (providing for designating interim class counsel to act on behalf of a putative class before determining class certification). Under FRCP

2

Rule 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

Appointment of interim class counsel is appropriate at this time. Appointment of interim class counsel will define the roles and responsibilities of attorneys in the action, will encourage those so appointed to zealously invest their time and financial resources in the litigation, will eliminate doubt about their role in the litigation should additional related cases be filed, and will avoid distracting and protracted leadership contests if other related cases are filed. Indeed, based on their experience in other college refund actions, this is a particularly salient reason for appointment of interim co-lead counsel right now. Many college refund actions are subject to numerous filings from different firms, weeks or months after the initial filing. Courts regularly appoint interim co-lead counsel in similar situations. See, e.g., Tolmasoff v. GM, LLC, No. 16-11747, 2016 WL 3548219, at * 9 (E.D. Mich. June 30, 2016) (appointing two law firms as interim class counsel where "others may follow" and "the Court believes that it would be beneficial to formally identify the counsel responsible, at this pre-certification state, for protecting the interests of the putative class members"); Roe v. Arch Coal, Inc., No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (appointing two law firms as interim class counsel despite the defendant's argument that "no other counsel currently is competing for appointment," because other firms may have been "investigating whether to file suit" and the pending case "would benefit from designated interim class counsel for efficient case management"). Appointing Anastopoulo as lead interim class counsel will achieve these goals.

The Advisory Committee Notes (the "Notes") accompanying the rule hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities." In re Municipal Deriviative Antitrust

Litig., 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted). As stated in the Manual for Complex Litigation, the Court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual § 10.22. The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." Id. § 10.221. While neither FRCP Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in FRCP Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. See, e.g. In re Trader Joe's Tuna Litig., No. 2:16-cv-01371-ODW(AJWx), 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016); Melgar v. Zicam, LLC, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014).  FRCP Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class.

Here, Plaintiff has assembled a reputable team consisting of national counsel experienced in this particular field of litigation. Plaintiff proposes the interim appointment of Anastopoulo, Morea Schwartz Bradham and Toptani as attorneys for the putatitve Classes. Specifically, Plaintiff proposes leadership by attorneys Eric M. Poulin and Roy T. Willey, IV, and interim liaison class counsel of John M. Bradham and Edward Toptani.

4

**ARGUMENT**

I.    **PROPOSED LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS**

First, the Court must consider the work counsel has done in identifying and investigating the particular claims in this case. While no one factor under FRCP Rule 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

> Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Anastopoulo, Morea Schwartz Bradham and Toptani's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Classes. For example, Proposed Lead Interim Class Counsel has done significant work to date including, but not limited to:

a)    Investigating potential legal claims arising from Defendant's closure of its campus and failure to provide in-person classes from March, 2020 onward;

b)    Reviewing and analyzing numerous articles describing Defendant's challenged conduct;

c)    Reviewing and analyzing Defendant's website;

d)    Reviewing and analyzing Defendant's policies, student handbooks, and course catalogs;

e)    Conferring with potential consulting experts regarding the technical aspect of Defendants' conduct;

    f)    Reviewing and analyzing Defendant's billing records, and students' payment records, relating to the Spring 2020 semester;

    g)    Drafting and filing the complaint in this action;

    h)    Drafting initial discovery requests; and

    i)    Participating in initial case management conferences, consultations with opposing counsel, and motions practice.

These investigative and cooperative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the Complaint. These measures are precisely the type of work that the Advisory Committee Notes to FRCP Rule 23 state that the Court should consider in appointing interim class counsel.

Attorneys Poulin and Willey have been leaders and innovators in this area, and have taken the risk to represent students across the country in these first-of-their kind lawsuits, and have been appointed to leadership roles in at least six similar actions. Collectively, the Anastopoulo Law Firm has been in communication with thousands of students from hundreds of schools across the country, and has already contributed over 3,200 hours on research, drafting, and filings specific to the tuition refund litigation nationwide. The firm has fielded hundreds of contracts from aggrieved students enrolled at schooled from coast-to-coast. The first factor is satisfied.

## II.    PROPOSED LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

Next, the Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii-iii). Here, Proposed Class Counsel have substantial experience handling consumer class actions and other complex litigation, including successful experience litigating and settling consumer

claims for unjust enrichment and breach of contract. The firm's attorneys have significant complex and class action litigation experience.

### A.  Anastopoulo Law Firm

The Anastopoulo Law Firm has a physical presence in the Southeast United States, with offices located primarily in South Carolina and in North Carolina. The firm regularly handles cases throughout the country employing over 100 dedicated professionals, including 28 attorneys who are collectively licensed to practice in over a dozen state and federal bars across the country including North and South Carolina, California, Washington D.C., Illinois and others.

Anastopoulo Law Firm was selected to lead the South Carolina consolidated *Baycol* litigation for the first two scheduled bellwether trials, and served as lead counsel in *Reck v. Merck & Co* (Texas Consolidated Litigation) set for trial prior to settlement. Relevant to this particular litigation Anastopoulo has been appointed lead counsel by Judge Jesse Furman in the case of *In re Columbia Tuition Refund Litigation* pending in the Southern District of New York, in two cases in the District of Columbia against American University and The Catholic University of America, in a case in the Eastern District of Pennsylvania against Temple University, in a case in the Southern District of Florida against the University of Miami, and against California State University in the Central District of California.

Last year alone, Anastopoulo recovered nearly $60,000,000.00 for its clients and the team of lawyers that are working on this case have significant jury verdict and settlement experience having obtained more than $70,000,000.00 in verdicts and judgments in the last several years. The firm brings these results, and importantly the resources of a full advocacy team, including four full time investigators, and an internal focus group and mock trial program that allow it to test and develop theories and case strategies from the outset to benefit the proposed Classes.

Specific to this litigation, Anastopoulo currently has more than 35 class action cases pending throughout the country related to college and university COVID-19 litigation. A true and accurate copy of Anastopoulo Law Firm's Firm Resume is attached as Exhibit A to this Motion.

### B.  Eric M. Poulin

Eric Poulin is the Director of Litigation at Anastopoulo Law Firm and oversees the Firm's multiple litigation practice groups. Mr. Poulin is licensed to practice law in multiple state and federal courts throughout the country. Mr. Poulin's practice is focused on complex personal injury matters, including catastrophic injury and death cases; products liability litigation; medical malpractice and nursing home abuse litigation; and insurance bad faith litigation.

Mr. Poulin has tried dozens of cases to verdict, resulting in over $60,000,000 in single event personal injury jury verdicts. Licensed in California, Georgia, North Carolina, and South Carolina, together with many Federal District Courts, Mr. Poulin has litigated hundreds or thousands of cases through settlement or verdict and has recovered approximately $100,000,000 for his clients over the course of his career. Mr. Poulin has also handled appellate cases in the South Carolina Court of Appeals, the South Carolina Supreme Court, and the 4th Circuit Court of Appeals.  Mr. Poulin is a member of the South Carolina Association of Justice and the American Association of Justice. Mr. Poulin has been featured in South Carolina Lawyers' Weekly's yearly top 10 verdicts and settlements profile for three of the last four years. In 2014, Mr. Poulin was featured in the U.S. Verdicts' "Top 100" national verdicts report. Mr. Poulin is a Super Lawyer's Rising Star, a National Trial Lawyers' Top 40 under 40 recipient, and two time National Academy of Professional Injury Attorneys' top 10 under 40 recipient.

Currently, Mr. Poulin has over 35 cases pending throughout the country related to college and university COVID-19 litigation, and has been appointed co-lead counsel in at least six of them.  To date Mr. Poulin has committed significant time identifying and investigating the claims brought in this action, and working to develop the strategy that will ensure the students here and in his other cases across the country are fully compensated. Mr. Poulin has also communicated with and worked with dozens of potential additional class members and individuals to compile evidence in support of the claims at hand to ensure that the litigation is effectively prosecuted. In addition to the work with Plaintiff and potential class members in this action, Mr. Poulin has been in communication and discussions involving these matters with counsel nationally who have brought similar actions against other colleges and universities throughout the country.

Mr. Poulin has extensive experience in Federal Court and is intimately familiar with the FRCP and the Federal Rules of Evidence ("FRE").  Mr. Poulin has also studied the local rules of this Court.  Mr. Poulin is well positioned to serve as interim co-lead counsel and, if appointed, will work diligently in representing the best interests of the Classes.  Mr. Poulin's Declaration is attached as Exhibit B to this Motion.

**C.     Roy T. Willey, IV**

Roy T. Willey IV is nationally recognized as a leader in the fields of complex, contract based and high stakes litigation. He graduated with an A.B. from Harvard College and with honors from the Charleston School of Law, where he lives. Professionally, Mr. Willey has been recognized nationally for his legal leadership and currently serves as the Chairman of the Insurance Law Section for the American Association for Justice (AAJ), and National Co-chair of AAJ's Business Interruption Litigation Taskforce, both roles where he has been selected by the

Plaintiff's bar and that recognize his leadership in contract-based consumer protection work. The latter of which was a specially appointed committee by AAJ to oversee the organization's response, strategy, and organization with respect to what is expected to be the largest litigation in history arising from business losses as a result of COVID-19 and related contract based complex litigation. He has also been named class counsel and negotiated multi-faceted and multi-track complex litigation on behalf of consumers.

Mr. Willey regularly tries cases for, and with, other attorneys; having helped them achieve significant jury verdicts in some of the most conservative venues in the country. These verdicts have been named among the largest in the nation and state where obtained, and Mr. Willey is a multi-year running recipient of top verdicts and settlements in South Carolina where he regularly tries complex cases. In addition to his trial practice, Mr. Willey has prosecuted and defended cases through appeal from the state level appellate courts in South Carolina and to the Fourth Circuit Court of Appeals.

Mr. Willey is a frequent lecturer and lawyer educator in the areas of complex litigation, civil procedure, e-discovery and ethics. His presentations have ranged from Certification issues in Collective and Class Actions (presented at the state trial lawyers conference that included sitting members of the judiciary), to top trial strategies, and top ethics challenges involving duties to prospective clients as a nationally available CLE. On a local level, he also gives back, lecturing at his local law school on the legal intricacies of contract law issues facing consumers, and civil procedure.

In his spare time, Mr. Willey serves as the state Chairman of South Carolina Equality (which is responsible for winning legalization of same-sex marriage in South Carolina), Vice Chair of THRIVE SAVES LIVES (a domestic violence victims' legal and housing relief

organization), and on the executive board of his local Charleston County Bar Association (where he was unanimously elected), as well as a host of other non-profit boards and committees.

For all of this, Mr. Willey has been named among *America's Top 100 High Stakes Litigators*, a *Super Lawyers Rising Star*, *National Top 10 Under 40*, *Best Lawyers* and has been repeatedly recognized for both his community and professional involvement.

To date Mr. Willey has committed significant time identifying and investigating the claims brought in this action, and working to develop the strategy that will ensure the students here and in his other cases across the country are fully compensated. Mr. Willey has also communicated with and worked with other individuals to compile evidence in support of the claims at hand to ensure that the litigation is effectively prosecuted. In addition to the work with in this action, Mr. Willey has been in communication and discussions involving these matters with counsel nationally who have brought similar actions against other colleges and universities throughout the country.

Mr. Willey has extensive experience in Federal Court and is intimately familiar with the FRCP and the FRE.  Mr. Willey has also studied the local rules of this Court.  Mr. Willey is well positioned to serve as interim co-lead counsel and, if appointed, will work diligently in representing the best interests of the Classes. Mr. Willey's Declaration is attached as Exhibit C to this Motion.

## III.   PROPOSED LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS(ES)

Anastopoulo, Morea Schwartz & Bradham and Toptani are law firms with sufficient resources and experience to prosecute this matter. In 2019 alone, the Anastopoulo Law Firm recovered over $68,000,000 on behalf of its clients. The Anastopoulo Law Firm employs over 100 dedicated legal professionals, including 28 attorneys.  Specific to tuition refund litigation,

11

Anastopoulo has assembled an in-house team of five lawyers who are working exclusively on such cases, and has set aside the resources necessary to grow this team as needed. Collectively, the team has already spent over 3,200 hours on research, drafting, and filings specific to the tuition refund litigation nationwide.

Anastopoulo has demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiff and the putative class. Proposed Lead Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation. They will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations.

Anastopoulo has never utilized third party litigation funding and is committed to self-funding all of its cases on behalf of its clients.  Anastopoulo is willing to commit whatever resources are necessary to adequately represent the Classes in this matter.

Notably, Proposed Lead Interim Class Counsel are currently on other actions involving similar claims against colleges and universities throughout the country, and will be able to draw on that experience and cooperative work to create efficiencies in this action.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court appoint Eric M. Poulin and Roy T. Willey, IV of Anastopoulo Law Firm, LLC as lead interim class counsel, along with John M. Bradham of Morea Schwartz Bradham Friedman & Brown LLP, and Edward

Toptani of Toptani Law PLLC as interim liaison class counsel in this matter on behalf of the putative Classes.

Dated: September 22, 2020          By:     /s/ *Roy T. Willey, IV*

                                        Roy T. Willey, IV (*pro hac vice*)
                                        Eric M. Poulin (*pro hac vice*)
                                        **ANASTOPOULO LAW FIRM, LLC**
                                        32 Ann Street
                                        Charleston, SC 29403
                                        Telephone: (843) 843-8888
                                        Email: roy@akimlawfirm.com
                                                      eric@akimlawfirm.com

                                              -AND-

                                        John M. Bradham
                                        MOREA SCHWARTZ BRADHAM
                                        FRIEDMAN & BROWN LLP
                                        444 Madison Avenue, 4th Floor
                                        New York, NY 10022
                                        Telephone: (212) 695-8050
                                        Email: jbradham@msbllp.com

                                        -AND-

                                        Edward Toptani
                                        TOPTANI LAW PLLC
                                        375 Pearl Street, Suite 14106
                                        New York, NY 10038
                                        212-699-8930
                                        edward@toptanilaw.com

                                        **ATTORNEYS FOR PLAINTIFF**

13