UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIERA MARBURY, individually and on behalf of others similarly situated, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY** |
| Plaintiff, | |
| v. | |
| PACE UNIVERSITY, | Civil Action No. |
| Defendant. | 1:20-cv-03210-JMF |

Defendant, Pace University ("Defendant" or "the University"), responds to Plaintiff's Notices of Supplemental Authority (ECF Doc. Nos. 48-49) as follows:

In her Notices of Supplemental Authority, Plaintiff suggests that the Court should rely on certain decisions issued by courts in other cases to deny Defendant's motion to dismiss. Plaintiff references mostly decisions rendered by courts outside of New York applying the laws of other states. Of course, these cases are not binding upon this Court.[1] This case turns on New York law, and New York has uniformly required specific promises in the documents intended to describe the relationship between a university and its students in order to state a breach of contract claim. To the extent that this Court is inclined to consider case law outside of New York, the University submits that the case with the closest factual allegations to the case at bar is *Lindner v. Occidental College*, No. cv-20-8481, 2020 WL 7350212 (C.D. Cal. Dec. 11, 2020) (**Exhibit A**), as

---

[1] The University notes that in its reply brief in support of its motion to dismiss, it cited *Chong v. NE Univ.*, No. 20-cv-10844 (D. Mass. Oct. 1, 2020). *See* ECF Doc. 47, page 3, n. 2. In *Chong* the court initially granted a motion to dismiss, but after the University filed its reply brief in the instant case, the *Chong* court denied in part a motion to dismiss an amended complaint filed by plaintiff. 2020 WL 7338499 (Dec. 14, 2020). Regardless, the *Chong* case is distinguishable because did not involve consideration of a reservation of rights/disclaimer clause as is contained in the University's catalog.

California's law with respect to educational institutions appears to closely resemble the law of New York.[2]

The factual allegations in the instant case are almost identical to those in the pleadings before the district court in *Lindner*, which Plaintiff omitted in her submissions of supplemental authority, but where the court granted the college's motion to dismiss. *Lindner* was a putative class action arising out of Occidental's transition to virtual instruction during the Spring 2020 semester in response to the COVID-19 pandemic. The student plaintiff in *Lindner* completed her classes during the Spring 2020 Semester and, like the Named Plaintiff here, earned credits toward her degree.  Despite receiving instruction and credit from Occidental, the student argued that she was entitled to a refund of tuition and fees because Occidental purportedly promised students in-person instruction.  Occidental moved to dismiss the purported class action complaint, which motion was granted **with prejudice**.  The  *Lindner* court ruled: (1) the student's claims were barred by the educational malpractice doctrine; (2) the student failed to allege a specific promise for an "on-campus" experience; and (3) Occidental's disclaimer barred the student's claims.

In *Lindner*, just as here, the student relied on general descriptions of the campus experience at Occidental College, but "failed to identify any specific language in the

---

[2] In Plaintiff's Second Notice of Supplemental Authority, she states that the Court should consider the recent decision of *Doe v. Bradley Univ.*, 2020 U.S. Dist. LEXIS 240698 (C.D. Ill. Dec. 22, 2020). However, it appears that the law of Illinois differs from New York with respect to a breach of contract action between a higher education institution and its students.  As discussed fully in the University's motion, New York courts have consistently required the identification of a specific promise contained in the institution's bulletins, handbooks, catalogs or circulars for a breach of contract action to lie.   Illinois does not appear to require the same type of specific promise, and, accordingly the *Bradley* case is not probative to Defendant's pending motion.

2019-2020 Catalog or any other publication from Occidental that promises in-person instruction." *Id*. at *8.

Just as here, the plaintiffs in *Lindner* also alleged that the education she received following the transition to remote instruction was not "worth the amount charged" and was not the equivalent of "in-person education." After describing the student's damages theory, the court stated: "the court concludes that Plaintiff]'s] claims are the type of educational malpractice claims that California courts, and courts throughout the country, have rejected." *Id*. at *7.

Further, Occidental's catalog contained a disclaimer similar to the disclaimer in the University's 2019-2020 Undergraduate Catalog. In its disclaimer, Occidental reserved the right "to change fees, modify its services or change its program should economic conditions or national emergency make it necessary to do so." *Id*. at *8. Likewise, the University stated that "[o]cassionally, the University is confronted by the need to close because of…reasons beyond the University's control…" and that "unforeseen circumstances may necessitate adjustments to class schedules." *Answer,* Ex. G; *Defendant's Memo.*, at pp. 2-3. The court found that nothing in Occidental's publications limited the right that Occidental reserved to make changes to the program. The court held: "Occidental did not change the terms of the contract, but exercised its rights under the 2019-2020 Catalog to 'change without notice'" the school's program. *Id*. The court concluded:

> the fact that Occidental provides in-person instruction "under ordinary circumstances" does not prevent Occidental from exercising its rights under the 2019-2020 Catalog to modify its programs, including during a national emergency, such as the Covid-19 global pandemic.

*Id*. at *9.

*Lindner* is squarely on point with the facts of the instant case, and it is submitted that the Court should grant the University's motion to dismiss for the reasons discussed by the California district court.

2. **Plaintiff's Supplemental Citations to New York Cases**

In addition to citing cases outside of New York, Plaintiff also submitted for the Court's review the recent decision in *Ford v. RPI*, No. 1:20-cv-0470, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020).  The *Ford* case is distinguishable.  The *Ford* court did not imply terms as Plaintiff asks the Court to do here.  Rather, the court found that the defendant's catalog contained specific statements describing a mandatory residential program and extolling its benefits, and that those particular statements were sufficient to survive a Rule 12 motion.  *Id*. at *4. Here, Plaintiff does not allege that the University has a residence requirement that is integrated into the University's academic programs.

Further, to the extent that *Ford* held a court may award a student damages by evaluating the academic program and instruction that RPI offered following the state-ordered shutdown in March, and compare it to the value of in-person instruction, then it is respectfully submitted that the decision is contrary to prior New York case law.  The *Ford* court also did not address the import of a disclaimer such as those contained in the University's catalog.

The court in *Ford* also noted that the defendant argued that tuition was payment for instruction, and that if this were the case, then a school could "promise anything it wished in terms of its instruction," and be "insulated from a suit to recover any portion of tuition so long as it actually provided some education to its students."  *Ford*, at *6.  The University has not argued that tuition is simply payment for "some education," but for

instruction in Plaintiff's chosen courses in exchange for credit toward a Pace University degree.  The University does not contend that it could have retained all of the Plaintiff's tuition payments for the Spring 2020 Semester simply because it provided instruction up until March 10, 2020; rather, the University continued to provide instruction throughout the Spring 2020 Semester, in Plaintiff's chosen courses, taught by the same Pace University faculty.  The University made the academic judgment that such instruction, and the completion of the course work, would be sufficient to earn credits toward a Pace University degree.  Accordingly, the *Ford* case is not dispositive of the University's pending motion.

      The *Bergeron v. Rochester Inst. of Tech.*, No. 20-cv-6283, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020), case cited by Plaintiff also is inapplicable.  There, RIT moved pursuant to Rule 12(b)(6) and the court denied RIT's motion, holding that it could not consider the documents relied upon by RIT.  Here, the catalog is referenced in Plaintiff's complaint, and the University answered, and attached its catalog to its answer, and then moved for judgment on the pleadings because it believes the Court should decide the motion based on the contractual provisions in the documents, including the disclaimer.  To the extent that the court in *Bergeron* found that statements about the value of RIT's campus life are the types of specific promises are required to state a breach of contract claim, the University respectfully submits that *Bergeron* was wrongly-decided.

      For the reasons stated above, and in the University's motion papers, the University respectfully submits that its motion to dismiss should be granted in its entirety.

| | |
|---|---|
| Dated:  January 12, 2021 | BOND, SCHOENECK & KING, PLLC |
| | By:  *s/Gregory B. Reilly*  <br> Gregory B. Reilly, Esq. <br> *Attorneys for Defendant* <br> Office and P.O. Address <br> 600 Third Avenue, 22nd Floor <br> New York, New York  10016-1915 <br> Telephone:  (646) 253-2300 |