```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
XAVIERA MARBURY, individually and on behalf of                         :
others similarly situated,                                             :
                                                                       :      20-CV-3210 (JMF)
                                    Plaintiff,                         :
                                                                       :      MEMORANDUM OPINION
             -v-                                                       :           AND ORDER
                                                                       :
                                                                       :
PACE UNIVERSITY,                                                       :
                                                                       :
                                    Defendant.                         :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 26, 2021, the Court issued an Opinion and Order granting in part and denying in part Defendant Pace University's motion for judgment on the pleadings. ECF No. 54. To the extent relevant here, the Court denied the motion with respect to Plaintiff Xaviera Marbury's implied contract claim with respect to instructional format. *See id.* at 10-13. On March 12, 2021, Pace University submitted a motion for reconsideration of that portion of the Court's Opinion and Order. ECF No. 60. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Measured against that standard, Pace University's motion is easily denied. As Pace University concedes in a letter accompanying its motion, its motion for reconsideration is based on allegations that it did not include in its Answer and an argument it did not make in its papers — namely, that a website screenshot in Plaintiff's Amended Complaint, upon which the Court

relied in its Opinion and Order, *see* ECF No. 54, at 10, postdated the Spring 2020 semester that is the basis for Marbury's claims, *see* ECF No. 61.[1]  Indeed, Pace University implicitly concedes the meritlessness of its motion by asking for leave to amend its Answer and to either file another motion for judgment on the pleadings or a limited motion for summary judgment.  *See id.* at 2.  Put simply, the Court did not "overlook[]" anything.  *Analytical Surveys, Inc.*, 684 F.3d at 52 (cleaned up).  Pace University did, and it cannot now be heard to complain.

That said, counsel should be prepared to discuss at the initial pretrial conference scheduled for tomorrow Pace University's requests to amend its Answer and to file either another motion for judgment on the pleadings or limited motion for summary judgment.  Counsel should also be prepared to discuss whether, in addition to or in lieu of such motion practice, the case should be stayed to permit the parties to seek a resolution of the action, perhaps with the aid of a private mediator or the designated Magistrate Judge.  *See In re Columbia Univ. Tuition Refund Action*, No. 20-CV-3208 (JMF), ECF No. 65 (March 15, 2021) (granting a joint motion to stay in aid of settlement efforts).

The Clerk of Court is directed to terminate ECF No. 60.

SO ORDERED.

Dated: March 17, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]  As Pace University notes, there is text in the screenshot stating as follows: "Please continue to search your *Fall 2020* classes frequently for changes!"  ECF No. 28, ¶ 103 (emphasis added); *see* ECF No. 60-1, at 3.  But that text appears in miniscule — indeed, barely legible — typeface and was not even noted, let alone emphasized, by Pace University in its initial motion papers.  Moreover, it was reasonable to infer that, that language aside, the screenshot was consistent with the appearance of the website before the Spring 2020 semester as well.  (Not for nothing, it would be surprising, to say the least, if Pace University changed its website in a way that could be construed to promise on-campus instruction *after* the COVID-19 pandemic forced cancellation of in-person classes in Spring 2020 and *after* Marbury filed this lawsuit.)