

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**JONATHAN B. FELLOWS, ESQ.**
jfellows@bsk.com
P: 315.218.8120

July 21, 2021

**VIA ELECTRONIC FILING**

Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *Xaviera Marbury v. Pace University*
     *Civil Action No. 1:20-cv-3210-JMF*

Dear Judge Furman:

We represent Pace University ("Pace").  We write pursuant to the Court's Scheduling Order (ECF Doc. 63) and Rule 2.E of your Individual Rules and Practices in Civil Cases to request an informal conference prior to making a motion to compel Plaintiff to respond to Interrogatories and Requests for Production that were served on April 21, 2021.

I contacted Plaintiff's counsel by telephone at noon on Friday, July 16, 2021, to confer about several discovery issues.  Attorney Blake Abbott returned my telephone call later that day, and we spoke about several outstanding discovery issues.  Because Mr. Abbott advised that his firm had been unable to speak with the Plaintiff for some time, we were not able to resolve the outstanding issues.  I followed up the telephone call with a letter on July 19, 2021, advising of our intent to seek relief from the Court.

**Discovery Directed to Plaintiff**

We served Requests for Production and Interrogatories on Plaintiff's counsel on April 21, 2021.  A copy of the requests is attached as <u>Exhibit A</u>.

On May 19, 2021, Plaintiff's counsel requested a thirty-day extension to respond (until June 20, 2021).  We agreed to the extension.  A copy of this email chain is attached as <u>Exhibit B</u>.

In light of the new due date for Plaintiff's responses, on May 20, 2021, we noticed Plaintiff's deposition for June 29, 2021.  A copy of the correspondence is attached as <u>Exhibit C</u>.

On June 17, 2021, Plaintiff's counsel advised that Plaintiff had been hospitalized, that they had been able to "touch base with her a few weeks ago and have been unable to communicate with her since."  They requested another extension of her discovery responses. A copy of this email is

Hon. Jesse M. Furman
July 21, 2021
Page 2

attached as Exhibit D. We responded that an extension would not resolve the problem in light of the discovery deadline in the Scheduling Order of August 6, 2021.

On June 22, 2021, we requested that Plaintiff's counsel keep us apprised of when we would be receiving a response to the discovery demands. A copy of this email is attached as Exhibit E.

On June 29, June 30, and July 1, 2021, we produced four witnesses from Pace for depositions. We had scheduled an additional Pace witness for July 1, but Plaintiff's counsel unilaterally cancelled the deposition by email the evening of June 30. Plaintiff's counsel provided no update on Plaintiff's outstanding responses during those depositions.

On July 6, 2021, we re-noticed Plaintiff's deposition for July 20, 2021, and again inquired about Plaintiff's discovery responses. A copy of the correspondence is attached as Exhibit F. We received no response.

On July 15, 2021, we reminded Plaintiff's counsel of the outstanding discovery demands and the deposition scheduled for July 20, 2021. We received no response.

In light of the lack of a response, I placed a telephone call to Plaintiff's counsel on July 16, 2021. Attorney Blake Abbott returned the call late in the day. During the call, he advised that Plaintiff's counsel had still been unable to communicate with the Plaintiff, and that he therefore could provide no update on the pending discovery requests and could not produce Plaintiff for her deposition on July 20, 2021. During the conversation, he also indicated that Plaintiff's counsel would not be conducting the depositions of three Pace witnesses that we had agreed to produce on July 22 and 23, 2021. He offered no reason why they could not proceed with the depositions as scheduled. I advised him that we had reserved time on the schedule of the witnesses and my schedule, and that we would not agree to schedule different dates.

I followed up this conversation with a letter advising of our intent to proceed with this letter motion. A copy of my letter dated July 19, 2021, is attached as Exhibit G.

**Discovery Directed to Pace**

Pace has responded to Plaintiff's discovery requests. We served answers to Interrogatories on April 16, 2021. We produced voluminous documents on May 6, 2021, with supplemental productions on May 12 and June 29, 2021.

Plaintiff's counsel identified eight witnesses from Pace whom they wished to depose. We proposed dates for five of the witnesses the week of June 30, and, as discussed above, Plaintiff's counsel completed four of the depositions, unilaterally cancelling the fifth.

12800374

Hon. Jesse M. Furman
July 21, 2021
Page 3

We provided proposed dates of July 22 and 23 for the remaining three witnesses Plaintiff's counsel had identified. We repeatedly advised Plaintiff's counsel of the dates for these depositions. The emails are attached as <u>Exhibit H</u>. At no time until July 16, 2021, did Plaintiff's counsel object to the dates. On July 16, 2021, during our telephone conversation, Mr. Abbott advised they would not be proceeding, but provided no reason. As set forth above, I advised that if they wanted to depose the witnesses they needed to proceed on July 22-23, 2021.

### Confidentiality Stipulation

On April 13, 2021, as we were preparing to produce documents, we forwarded to Plaintiff's counsel a proposed confidentiality stipulation. A copy of the correspondence is attached as <u>Exhibit I</u>. Plaintiff's counsel did not respond. We followed up on the request on May 6 and May 12, 2021. Copies of these emails are attached as <u>Exhibit J</u>.

Notwithstanding the failure of Plaintiff's counsel to respond, we have produced records and designated certain of the documents as confidential.

### Expert Discovery

The Court's Scheduling Order requires the parties to confer regarding expert discovery. On July 7, 2021, we sent Plaintiff's counsel a proposed schedule for expert discovery. A copy is attached as <u>Exhibit K</u>. Plaintiff's counsel did not respond. We followed up on July 15, 2021 (see <u>Exhibit L</u>). We have not received a response regarding expert discovery.

### Conclusion

The discovery demands directed to Plaintiff have been pending since April 21, 2021. In light of the fact that Plaintiff's counsel has apparently been unable to communicate with the Plaintiff for an extended period of time, and the lack of any detail on her alleged medical condition, we are somewhat skeptical of the reasons why no responses have been forthcoming. In any event, we request that the Court schedule a conference.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*s/Jonathan B. Fellows*
Jonathan B. Fellows

cc:   Roy T. Willey, IV, Esq.
      Eric Poulin, Esq.
      Blake Abbott, Esq.

12800374