# EXHIBIT A

## Messer, Suzanne

| | |
|---|---|
| **From:** | Messer, Suzanne |
| **Sent:** | Wednesday, April 21, 2021 4:33 PM |
| **To:** | Blake Abbott; Roy Willey; John Bradham |
| **Cc:** | Fellows, Jonathan |
| **Subject:** | Marbury v. Pace University |
| **Attachments:** | Defendant's First Set of Interrogatories(12428909.1).pdf; Defendant's First Requests for Production(12428895.1).pdf |

Counselors,

Please see the attached.

Suzanne


**Suzanne Messer**
Member
Litigation Department
315.218.8628 Direct
SMesser@bsk.com



One Lincoln Center, Syracuse, NY 13202-1355

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIERA MARBURY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PACE UNIVERSITY,<br><br>　　　　　　　　　　Defendant. | **DEFENDANT'S FIRST SET OF INTERROGATORIES**<br><br>Civil Action No. 20-cv-3210-JMF |

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Pace University ("Pace") by and through its attorneys, Bond, Schoeneck & King PLLC, request and demand that Plaintiff, Thomas Hall, responds to the following requests in accordance with the following Definitions and Instructions, and produce all documents requested herein at the office of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, within thirty (30) days of the date of service, pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure.

## GENERAL INSTRUCTIONS FOR INTERROGATORIES

1. Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reason(s) for any objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them.

2. Should an interrogatory be objected to on the ground that, in whole or in part, it seeks information which is not relevant, the objection must explain in detail the basis for the

contention that the requested information is not relevant and will not lead to the discovery of relevant material.

3. If any information required to answer any Interrogatory is withheld because you claim such information is privileged or is contained in a privileged document and/or communication:

    a. Identify each such document and/or communication;

    b. Set forth the privilege and the factual basis upon which the privilege is claimed; and

    c. State the paragraph of the Interrogatory to which each document and/or communication is responsive.

4. As to those interrogatories consisting of a number of related parts or portions, a complete answer is required to each such part or portion as if it were propounded as a separate interrogatory. Should an objection to an interrogatory be interposed, it should indicate the part or portion of the interrogatory to which it is directed. As to that part or portion of the interrogatory to which no objection is made, a full and complete answer must be made.

5. If plaintiff alleges that an interrogatory has previously been answered in another interrogatory, refer by page and line to that information which is believed to be responsive.

6. These interrogatories shall be deemed continuing, and any information learned or secured subsequent to the filing of answers which would have been includable in the answers had it been known or available, shall be supplied by supplemental answers as soon as such information becomes known or available, and in all events, prior to the trial of this action.

## **DEFINITIONS**

In these Interrogatories, the following definitions and instructions apply:

1. "Describe in detail," "specify," "state" or "describe" means provide a narrative statement or description, phrased in specifics of the facts or matters to which the interrogatories

have reference, including, but not limited to, an identification of all persons, communications, acts, transactions, events, recommendations and documents necessary or desirable to make such statement or description complete.

2. The term "communication" and "communications" means the transmittal of information in the form of facts, ideas, inquiries or otherwise through discussions, meetings or negotiations, statements, representations, transmissions or conversations, face-to-face or otherwise.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Itemize and describe in detail (pursuant to Definition No. 1 above) the calculation of any damages claimed by you in this action, whether economic, non-economic, punitive or other.

Dated: April 21, 2021

BOND, SCHOENECK & KING, PLLC

By: _s/Suzanne Messer_
Jonathan B. Fellows
Suzanne M. Messer
*Attorneys for Defendant Pace University*
Office and P.O. Address
One Lincoln Center
Syracuse, New York  13202-1355
Telephone:  (315) 218-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

XAVIERA MARBURY, INDIVIDUALLY AND ON
BEHALF OF OTHERS SIMILARLY SITUATED,

                    Plaintiff,

    v.

PACE UNIVERSITY,

                    Defendant.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

Civil Action No. 20-cv-3210-JMF

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Pace University ("Pace") by and through its attorneys, Bond, Schoeneck & King PLLC, request and demand that Plaintiff Xaviera Marbury, responds to the following requests in accordance with the following Definitions and Instructions, and produce all documents requested herein at the office of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, within thirty (30) days of the date of service, pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.    In these Document Requests, the following definitions and instructions apply:

    a.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    b.    "Document" or "documents" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. You are specifically reminded that

Fed. R. Civ. Proc. 34(a) includes video and audio recordings. A draft or non-identical copy is a separate document within the meaning of this term.

  c. "Defendant" shall mean Pace University, and any of its officers, agents, and current or former employees.

  d. "You" or "your" refers to Plaintiff Xaviera Marbury and/or any agent or representative acting on Plaintiff's behalf.

  e. The term "person" means natural persons, corporations, and other business entities or governmental agencies.

  f. The terms "refers", "reflects", and "regarding", used in conjunction or separately, shall be construed to include the following: mentioning, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, and/or contradicting, in whole or in part.

  g. The use of the singular form of any word includes the plural and vice versa.

2. All documents shall be produced that respond to any part or clause of any paragraph in these requests.

3. In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

  a. the nature of the document;

  b. any addressor and addressee;

  c. any indicated or blind copies;

  d. the document's date, subject matter, and the number of pages; and

  e. the identity of the last known custodian of that document.

4.      If any document request is believed to call for disclosure of confidential or proprietary information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure, the undersigned is prepared to receive such information pursuant to an agreed upon confidentiality stipulation and protective order.

5.      If any document, thing, or portion of a document or thing called for by a request is withheld on the grounds of attorney-client privilege, work product doctrine or otherwise, a log shall be provided, contemporaneously with the production or promptly thereafter, containing the following information concerning each document, thing, or portion of a document or thing withheld: its date; type (e.g., email, memo, recording, etc.); its title; the name(s) of its preparer(s) or author(s); its addressee(s) and recipients together with their titles and an indication of any of those who are attorneys and acted as such with respect to the subject matter of the document; its location and the identity of its custodian; the paragraph(s) of this request to which the document relates; the general subject matter of the document, including an identification and description of any meeting or communication to which the document relates; the nature of the privilege under which the document is being withheld; and a statement of the facts and circumstances constituting the basis for your claim of privilege in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

6.      Electronically stored information ("ESI") and non-ESI shall be produced as single page TIFF images. The images shall have a bates number placed upon them, and each image file should be named after the corresponding bates number. Native formats are acceptable only if such files are not easily converted to an image format, such as spreadsheets and database files. If a document is produced in native format, the bates number shall be contained within the native file name.

7. You are required to produce all the requested documents that are in your possession, custody, or control, or as to which you have access.

8. You are required to identify the Request to which each document produced by you corresponds.

9. These Requests are continuing in nature, and if and when, additional responsive documents are located, they shall be produced.

10. If Plaintiff objects to any Request, the basis for the objection must be stated in detail in accordance with the Federal Rules.

## **DOCUMENT REQUESTS**

1. All documents and communications You received from Pace prior to your enrollment that you claim set forth the terms of an agreement between Yourself and Pace regarding: (a) tuition or (b) student fees.

2. All documents and communications You received from Pace during your enrollment that you claim set forth the terms of an agreement between Yourself and Pace University regarding (a) tuition or (b) fees.

3. All other documents, communications, websites, social media postings or other source that You claim evidence the terms of an agreement between Yourself and Pace regarding either tuition or fees.

4. All communications You had with any Pace faculty member or advisor regarding the courses You were enrolled in for the Spring 2020 Term.

5. All documents, communications, websites, social media postings or other source that you referenced or relied upon when registering for courses for the Spring 2020 Term.

6.  All communications You had with any other person(s), including any other Pace student(s), regarding instruction provided by Pace during the Spring 2020 Term.

7.  All documents, communications, websites, social media postings or other source that You claim evidence a breach of contract by Pace with respect to tuition.

8.  All documents, communications, websites, social media postings or other source that You claim evidence a breach of contract by Pace with respect to fees.

9.  All documents, communications, websites, social media postings or other source that you claim evidence any damages You seek to recover for in this action.

Dated: April 21, 2021

BOND, SCHOENECK & KING, PLLC

By: _s/Suzanne Messer_
Jonathan B. Fellows
Suzanne M. Messer
*Attorneys for Defendant Pace University*
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

12427339.1

5