# EXHIBIT G

**Messer, Suzanne**

| | |
|---|---|
| **From:** | Messer, Suzanne |
| **Sent:** | Monday, July 19, 2021 12:10 PM |
| **To:** | Eric Poulin; Blake Abbott; Roy Willey; CULT |
| **Cc:** | Fellows, Jonathan |
| **Subject:** | Marbury v. Pace University |
| **Attachments:** | Letter to Plaintiff's Counsel(12785286.1).pdf |

Counselors,

Please see the attached correspondence.

**Suzanne Messer**
Member
Litigation Department
315.218.8628 Direct
SMesser@bsk.com



One Lincoln Center, Syracuse, NY 13202-1355
This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

1

# BOND SCHOENECK & KING

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

**JONATHAN B. FELLOWS**
jfellows@bsk.com
P: 315.218.8120
F: 315.218.8100

July 19, 2021

**VIA ELECTRONIC MAIL**

Blake Abbott, Esq.
Eric Poulin, Esq.
Roy Willey, Esq.
Anastopoulo Law Firm
32 Ann Street
Charleston, SC 29403

Re: *Xaviera Marbury v. Pace University*
Civil Action No. 20-cv-3210-JMF

Dear Blake, Eric and Roy:

This will confirm that I telephoned your office on Friday and left a message for Eric. The purpose of my call was to confer regarding the outstanding discovery. Blake called me back on Friday afternoon and we discussed the status of discovery.

Blake advised that your Firm has been unable to contact the Plaintiff for several weeks. Accordingly, Blake advised me that your Firm cannot produce Ms. Marbury for her deposition on July 20, 2021, as currently scheduled. I further noted that as you had not responded to our discovery demands directed to Ms. Marbury, we could not proceed with the deposition at this time in any event. I reminded Blake that the deadline for completion of fact discovery is August 6, 2021.

We served our discovery demands (interrogatories and requests for documents) directed to the Plaintiff on April 21, 2021. On May 19, 2021, you requested an extension until June 20, 2021 to respond. We agreed to the extension until June 20, 2021. You still did not serve responses.

We originally scheduled Plaintiff's deposition for June 29, 2021, with the intention of conducting the deposition shortly after receiving Plaintiff's discovery responses on June 20.

On June 1, you identified eight witnesses from Pace that you asked to depose, and we agreed to produce all of those witnesses. We proposed to depose Plaintiff on Monday, June 28, and to produce witnesses from Pace later that week.

12782505

Attorneys At Law | A Professional Limited Liability Company

Blake Abbott
July 19, 2021
Page 2

You informed us on June 17 that you were not able to confirm Plaintiff's availability on June 28. We asked that you provide us with information regarding when Plaintiff would be available and when we would receive responses to Pace's discovery demands. We also reminded you of the August 6 discovery deadline. You responded that you intended to move for an extension once you received your client's consent.

Despite your failure to respond to Pace's demands and to produce your client for a deposition, we provided you with the availability of five of the right Pace representatives you had identified during the week of June 28. We produced four witnesses for their depositions. You took the depositions of Vanya Quiñones, Angelica Ferreira, Paul Dampier and Rachel Carpenter. We had scheduled an additional witness, Robert Almon, for July 1, 2021, but you unilaterally cancelled this deposition by email at 8:30 p.m. on June 30, 2021, without explanation. Mr. Almon had made arrangements to be available at the agreed upon time, and we were prepared to move forward with his deposition.

We have arranged to make the remaining three Pace witnesses that you requested on June 1 available on July 22-23, 2021. The witnesses are Mary Baglivo, Joan Walker and Robina Schepp. We advised you of those dates on multiple occasions (see our emails of July 2, July 7, July 12). We also asked whether you intended to reschedule Mr. Almon's deposition. At no time did you respond to our emails concerning these depositions or object to the proposed dates.

We have repeatedly followed up on the outstanding demands that were served on April 21 with no response from you. We inquired about Plaintiff's responses on June 16, June 18, and June 22. On July 6, we re-noticed Plaintiff's deposition for July 20, 2021, and asked again when we would receive responses to the outstanding discovery demands. We followed up again on the status of Plaintiff's responses on July 15.

On April 13, 2021, in anticipation of Pace's document production, we sent a proposed confidentiality stipulation and order for your comment and review. We followed up with you concerning this stipulation on May 6 and May 12, but you never responded. In a good faith effort to move discovery forward despite your lack of response, we produced voluminous documents on behalf of Pace, beginning on May 6, 2021, with supplemental productions on May 12 and June 29. We answered interrogatories on April 16, 2021. We provided written responses to Plaintiff's Requests to Produce on May 12, 2021.

Pursuant to the scheduling order entered by Judge Furman on August 7, 2020 (ECF Doc. No. 27), on July 7, 2021 (30 days prior to the close of discovery), we wrote to you concerning a proposed schedule for expert disclosure. You did not respond to our proposal. We followed up with you concerning our July 7 communication on July 15, and, again, received no response.

12782505

Blake Abbott
July 19, 2021
Page 3

On Friday, Blake advised that you do not intend to proceed with the three depositions scheduled for July 22-23. Blake gave no reason not to proceed as scheduled. I advised Blake that these dates have been reserved on the witnesses' schedules, and we would not agree to different dates. If you want to depose these three witnesses, you need to proceed on July 22-23.

I advised Blake in our conversation that if Ms. Marbury is not cooperating with your Firm to complete discovery, then the case should be discontinued. You have provided no details in the past month on why she has been unable to respond to our discovery or to set a date for her deposition. At this point, from what you have told us, it appears that she has not been cooperating with you for some time. I told Blake that if your Firm cannot provide a firm date by today (Monday) for when the discovery will be answered and the deposition scheduled, we will need to contact the Court.

We plan to make a letter motion on Tuesday.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

*s/Jonathan B. Fellows*

Jonathan B. Fellows


cc. Stephen Brodsky (via email)