# EXHIBIT I

## Messer, Suzanne

**From:** Messer, Suzanne
**Sent:** Tuesday, April 13, 2021 11:13 PM
**To:** Blake Abbott; Roy Willey; Eric Poulin
**Cc:** Fellows, Jonathan
**Subject:** Marbury v. Pace University
**Attachments:** Confidentiality Stipulation and Protective Order(12387978.1).docx

Counselors,

In anticipation of a forthcoming document production in this matter, attached please find a proposed Confidentiality Stipulation and Protective Order. Please provide any comments.

Suzanne

**Suzanne Messer**
Member
Litigation Department
315.218.8628 Direct
SMesser@bsk.com



One Lincoln Center, Syracuse, NY 13202-1355

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIERA MARBURY,<br><br>                          Plaintiff,<br><br>v.<br><br>PACE UNIVERSITY,<br><br>                          Defendant. | Civil Action No.<br>1:20-cv-3210<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

The parties have agreed to the terms of this Confidentiality Stipulation and Protective Order; accordingly,

**IT IS HEREBY ORDERED:**

**SCOPE OF THIS ORDER**

1. This Protective Order shall apply to all information and documents produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

**IDENTIFICATION OF STUDENTS**

2. Throughout the course of discovery in this action, Defendant may provide student records as part of discovery. In the event documents or information are produced that include identifying information of Defendant students, such identifying information of students other than Named Plaintiff Xaviera Marbury shall be marked "CONFIDENTIAL" pursuant to paragraph 3 below and may be redacted or identified by anonymous identifiers. In the event the identify of a student other than the Named Plaintiff is inadvertently disclosed, Plaintiff agrees to

12387978.1

maintain the Confidentiality of that identity pursuant to this Protective Order. In the event any party requests that the identity of a student that has either been redacted or anonymized be disclosed, the Parties will work in good faith to resolve such a request.

## CONFIDENTIAL INFORMATION

3. Any party to this case may designate as "CONFIDENTIAL" documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any party in this matter. "CONFIDENTIAL" documents may include education records, medical records, employment records, proprietary information, and any information which the producing party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

## DESIGNATING MATERIALS CONFIDENTIAL

4. A party may designate materials as "CONFIDENTIAL" in the following manner:

   a. Documents. At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document. Where a document is produced in electronic form, the drive, disc or electronic media storage device shall be marked "CONFIDENTIAL." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" such that to the extent any party prints or reproduces any information or any documents produced in electronic format, any such printouts or reproduction shall automatically include the designation of "CONFIDENTIAL." If a party believes that a particular document or documents contained within another party's document production should be treated as CONFIDENTIAL, that party shall so notify all parties within thirty (30) days of receipt of said production. If the parties cannot agree on the

CONFIDENTIAL nature of the document or documents in question, then the party seeking CONFIDENTIAL treatment may apply to the court for a protective order. Until such time as the court decides any such application all parties shall treat the disputed document or documents as CONFIDENTIAL. A party does not waive its right to move to designate material "CONFIDENTIAL" after the passage of 30 days after receipt of any production.

      b.    Interrogatories or Request for Admissions. A party may designate an interrogatory or answer as "CONFIDENTIAL" by identifying it as such. Such "CONFIDENTIAL" interrogatories or responses should be made on separate pages from any other interrogatories or answers or portions of interrogatories or answers that are not designated as "CONFIDENTIAL."

      c.    Testimony. Any party giving pretrial testimony by deposition or affidavit in this action may obtain "CONFIDENTIAL" treatment for all or part of the deposition or affidavit testimony. Each paragraph of an affidavit containing CONFIDENTIAL information shall be designated as such and shall appear on a separate page from paragraphs which do not contain CONFIDENTIAL information. Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL" and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL."

12387978.1

5. "CONFIDENTIAL" materials should not be disclosed to persons other than the attorneys for the parties, the Named Plaintiff, representatives or employees of Defendant, or independent third parties retained or used by the attorneys of record in this litigation as is reasonably necessary for purposes of preparation, trial, appeal or settlement of this litigation. CONFIDENTIAL documents or testimony, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Each person (other than the Named Plaintiff and representatives of Defendant) to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this order and must agree to be bound by it by executing Exhibit A before disclosure to such person of any such information or document.

**FILING AND USE IN COURT OF DESIGNATED MATERIALS**

7. In the event that any party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth by the Court's procedure.

8. This Order does not limit or waive the right of any party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise.

9. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature.

4

12387978.1

10. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information. The failure of a party producing information or documents to designate such materials "CONFIDENTIAL" shall <u>not</u> preclude such party from later applying to the court for the entry of a protective order.

11. Nothing contained in this Protective Order shall be construed to, prohibit any party from disclosing information and/or documents or things that are in the public domain. Likewise, the designation by a party of something as "CONFIDENTIAL" does not and shall not make any such information, document and/or thing a trade secret and/or "CONFIDENTIAL" information under law or any agreement.

## THIRD-PARTY REQUESTS FOR DESIGNATED MATERIALS

12. If any party receives a subpoena or document request from a third party that appears to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" by any party to this action, the party receiving such subpoena or document request may move to quash or modify the subpoena or obtain a protective order limiting discovery of such material and shall immediately: (a) within 10 business days of receipt of a subpoena or document requests, notify the party who designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and, (b) shall not oppose any effort by the designating party to modify the subpoena or obtain a protective order limiting discovery of such material.

## DISPOSITION OF DESIGNATED MATERIALS

13. Within ninety (90) days of the conclusion of this action, including any and all appeals, all documents, answers, transcripts, electronic media or other things or information obtained through discovery in this action and designated as "CONFIDENTIAL" (including

copies thereof) shall be destroyed by the parties. However, counsel for the parties may retain complete copies of all transcripts, pleadings and pre-trial motions, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order. This Order shall continue to be binding after the conclusion of this litigation. The United States District Court for the Northern District of New York shall continue to retain jurisdiction over all persons and parties bound by this Protective Order for enforcement.

## INADVERTENT DISCLOSURE

14. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party ("Inadvertent Production Material") is inadvertently produced to that party or parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

   a. A claim of inadvertent production shall be made in writing and shall constitute a representation by that producing party that the Inadvertent Production Material has been reviewed by an attorney for such producing party and that there is a good faith basis for such claim of inadvertent production.

   b. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to discovery material then in the custody of another party, the party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or destroy all such claimed

6

Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

   c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

Dated: April _, 2021

| ANASTOPOULO LAW FIRM, LLC | BOND, SCHOENECK & KING, PLLC |
|---|---|
| By: _____*s/draft*_____<br>Eric M. Poulin<br>Roy T. Willey IV<br>Blake Abbott<br>*Attorneys for Plaintiff*<br>32 Ann Street<br>Charleston, South Carolina 29403<br>Tel: (843) 614-8888<br>Email: eric@akimlawfirm.com<br>   roy@akimlawfirm.com | By: _____*s/draft*_____<br>Jonathan B. Fellows<br>Suzanne M. Messer<br>*Attorneys for Defendant*<br>One Lincoln Center<br>Syracuse, New York 13202-1355<br>Tel: (315) 218-8000<br>Email: jfellows@bsk.com<br>   smesser@bsk.com |

**SO ORDERED this _____ day of April, 2021**

               _____
               Hon. Jesse M. Furman
               United States District Judge

12387978.1

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XAVIERA MARBURY, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

PACE UNIVERSITY,

        Defendant.

**PROTECTIVE ORDER**

Civil Action No.
1:20-cv-3210-JMF

I, _____, residing at _____ have been advised by counsel of record for _____ in the above-captioned action of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits me from disclosing confidential documents and information without permission.

_____
Signed

_____
Date

12387978.1