UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIERA MARBURY,<br><br>                    Plaintiff,<br><br>     v.<br><br>PACE UNIVERSITY,<br><br>                    Defendant. | Civil Action No.<br>1:20-cv-3210<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

The parties have agreed to the terms of this Confidentiality Stipulation and Protective Order; accordingly,

**IT IS HEREBY ORDERED:**

### SCOPE OF THIS ORDER

1. This Protective Order shall apply to all information and documents produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

### IDENTIFICATION OF STUDENTS

2. Throughout the course of discovery in this action, Defendant may provide student records as part of discovery. In the event documents or information are produced that include identifying information of Defendant students, such identifying information of students other than the Named Plaintiff(s) shall be marked "CONFIDENTIAL" pursuant to paragraph 3 below and may be redacted or identified by anonymous identifiers. In the event the identify of a student other than the Named Plaintiff is inadvertently disclosed, Plaintiff agrees to maintain the

12387978.3

Confidentiality of that identity pursuant to this Protective Order.  In the event any party requests that the identity of a student that has either been redacted or anonymized be disclosed, the Parties will work in good faith to resolve such a request.

## CONFIDENTIAL INFORMATION

3. Any party to this case may designate as "CONFIDENTIAL" documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any party in this matter.  The parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulation any information, documents, or ting, or portion of any document or thing: (a) that contains trade secrets or other confidential research, development or proprietary information; (b) that contains confidential personal or medical information; (c) that contains educational records of Defendant's students; (d) that contains information received in confidence from third parties; or (e) which the producing party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## DESIGNATING MATERIALS CONFIDENTIAL

4. A party may designate materials as "CONFIDENTIAL" in the following manner:

   a. <u>Documents</u>.  At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document.  Where a document is produced in electronic form, the drive, disc or electronic media storage device shall be marked "CONFIDENTIAL."  In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" such that to the extent any party prints or

reproduces any information or any documents produced in electronic format, any such printouts or reproduction shall automatically include the designation of "CONFIDENTIAL."  If a party believes that a particular document or documents contained within another party's document production should be treated as CONFIDENTIAL, that party shall so notify all parties within thirty (30) days of receipt of said production.  If the parties cannot agree on the CONFIDENTIAL nature of the document or documents in question, then the party seeking CONFIDENTIAL treatment may apply to the court for a protective order.  Until such time as the court decides any such application all parties shall treat the disputed document or documents as CONFIDENTIAL.  A party does not waive its right to move to designate material "CONFIDENTIAL" after the passage of 30 days after receipt of any production if good cause can be shown for the delay.

      b.    Interrogatories or Request for Admissions.  A party may designate an interrogatory or answer as "CONFIDENTIAL" by identifying it as such.  Such "CONFIDENTIAL" interrogatories or responses should be made on separate pages from any other interrogatories or answers or portions of interrogatories or answers that are not designated as "CONFIDENTIAL."

      c.    Testimony.  Any party giving pretrial testimony by deposition or affidavit in this action may obtain "CONFIDENTIAL" treatment for all or part of the deposition or affidavit testimony.  Each paragraph of an affidavit containing "CONFIDENTIAL" information shall be designated as such and shall appear on a separate page from paragraphs which do not contain "CONFIDENTIAL" information.  Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL."  The reporter shall separately transcribe and bind deposition testimony so designated as

12387978.3

"CONFIDENTIAL" and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL."

5. "CONFIDENTIAL" materials should not be disclosed to persons other than the attorneys for the parties, the Named Plaintiff, representatives or employees of Defendant, or independent third parties retained or used by the attorneys of record in this litigation as is reasonably necessary for purposes of preparation, trial, appeal or settlement of this litigation. "CONFIDENTIAL" documents or testimony, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Each person (other than the Named Plaintiff and representatives of Defendant) to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this order and must agree to be bound by it by executing Exhibit A before disclosure to such person of any such information or document.

**FILING AND USE IN COURT OF DESIGNATED MATERIALS**

7. In the event that any party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth by the Court's procedure.

12387978.3

8. This Order does not limit or waive the right of any party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise.

9. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature.

10. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information. The failure of a party producing information or documents to designate such materials "CONFIDENTIAL" shall not preclude such party from later applying to the court for the entry of a protective order.

11. Nothing contained in this Protective Order shall be construed to, prohibit any party from disclosing information and/or documents or things that are in the public domain. Likewise, the designation by a party of something as "CONFIDENTIAL" does not and shall not make any such information, document and/or thing a trade secret and/or "CONFIDENTIAL" information under law or any agreement.

12. This Agreement is being made without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

### THIRD-PARTY REQUESTS FOR DESIGNATED MATERIALS

13. If any party receives a subpoena or document request from a third party that appears to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" by any party to this action, the party receiving such subpoena or document request may move to quash or modify the subpoena or obtain a protective order limiting discovery of such material and shall immediately: (a) within 10 business days of

receipt of a subpoena or document requests, notify the party who designated the materials as "<u>CONFIDENTIAL</u>" of the receipt of the subpoena or document request; and, (b) shall not oppose any effort by the designating party to modify the subpoena or obtain a protective order limiting discovery of such material.

## DISPOSITION OF DESIGNATED MATERIALS

14. Within ninety (90) days of the conclusion of this action, including any and all appeals, all documents, answers, transcripts, electronic media or other things or information obtained through discovery in this action and designated as "<u>CONFIDENTIAL</u>" (including copies thereof) shall be destroyed by the parties. However, counsel for the parties may retain complete copies of all transcripts, pleadings and pre-trial motions, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order. This Order shall continue to be binding after the conclusion of this litigation. The United States District Court for the Southern District of New York shall continue to retain jurisdiction over all persons and parties bound by this Protective Order for enforcement.

## INADVERTENT DISCLOSURE

15. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party ("Inadvertent Production Material") is inadvertently produced to that party or parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

    a.    A claim of inadvertent production shall be made in writing and shall constitute a representation by that producing party that the Inadvertent Production Material has

been reviewed by an attorney for such producing party and that there is a good faith basis for such claim of inadvertent production.

        b.      If a claim of inadvertent production is made pursuant to this Stipulation, with respect to discovery material then in the custody of another party, the party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

        c.      A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

Dated: August 3, 2021

| | |
|---|---|
| ANASTOPOULO LAW FIRM, LLC | BOND, SCHOENECK & KING, PLLC |
| By: *Blake G. Abbott* | By: *s/Suzanne Messer* |
|     Eric M. Poulin |     Jonathan B. Fellows |
|     Roy T. Willey IV |     Suzanne M. Messer |
|     Blake G. Abbott | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | One Lincoln Center |
| 32 Ann Street | Syracuse, New York 13202-1355 |
| Charleston, South Carolina 29403 | Tel: (315) 218-8000 |
| Tel: (843) 614-8888 | Email: jfellows@bsk.com |
| Email: eric@akimlawfirm.com |        smesser@bsk.com |
|        roy@akimlawfirm.com | |
|        blake@akimlawfirm.com | |

**SO ORDERED this**   4th   **day of**  August , 2021

_____
Hon. Jesse M. Furman
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

12387978.3

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIERA MARBURY, individually and on behalf of all others similarly situated, | **PROTECTIVE ORDER** |
| Plaintiff, | Civil Action No. 1:20-cv-3210-JMF |
| v. | |
| PACE UNIVERSITY, | |
| Defendant. | |

I, _____, residing at _____ have been advised by counsel of record for _____ in the above-captioned action of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits me from disclosing confidential documents and information without permission.

| | |
|---|---|
| _____ | _____ |
| Signed | Date |

12387978.3