```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
XAVIERA MARBURY, individually and on behalf of                   :
others similarly situated,                                       :
                                                                 :
                              Plaintiff,                         :     20-CV-3210 (JMF)
                                                                 :
             -v-                                                 :     MEMORANDUM OPINION
                                                                 :          AND ORDER
PACE UNIVERSITY,                                                 :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Xaviera Marbury filed this putative class action against Defendant Pace University ("Pace") seeking partial refunds for tuition and fees due to Pace's closure in Spring 2020 caused by the COVID-19 pandemic. In an earlier Opinion and Order, the Court ruled on Pace's motion for judgment on the pleadings (and a motion to dismiss filed by Columbia University in a parallel case), allowing only two of Marbury's claims to proceed: a contract claim relating to the change in instructional format from in-person to online classes and a contract claim relating to fees for on-campus facilities and activities. *See In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 431-32 (S.D.N.Y. 2021) (ECF No. 54). Now pending is a motion for leave to file a Second Amended Complaint, which would, in part, substitute a new named Plaintiff for Marbury. *See* ECF No. 88; *see also* ECF No. 89-1 ("Proposed SAC"). Pace opposes the motion on the ground that the proposed amendments would be futile. ECF No. 90 ("Def.'s Opp'n"), at 5. For the reasons that follow, the motion for leave to amend is GRANTED in part and DENIED in part.

**LEGAL STANDARDS**

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying that standard, the Second Circuit "has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Put differently, a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, a proposed claim does not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The party opposing a motion to amend bears the burden of establishing that amendment would be futile. *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013).

Additionally, where, as here, a plaintiff seeks to amend after a court-ordered deadline to do so, *see* ECF No. 63, ¶ 5, the plaintiff must *also* satisfy Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary consideration" in determining whether good cause exists within the meaning of Rule 16(b)(4) is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "Specifically, the moving party must demonstrate that it has been diligent in its efforts to meet the Court's deadlines, and that

despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) (internal quotation marks omitted). A party cannot make that showing "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.*

## DISCUSSION

The motion for leave to amend seeks to substitute a new named Plaintiff, Elizabeth Tapinekis, for Marbury and to make a few other changes to the claims alleged.[1] Pace raises no objections with respect to the substitution of Tapinekis — the reasons for which became known to counsel only after the deadline to amend the pleadings, *see* ECF No. 91 ("Pl.'s Reply"), at 2 — except insofar as it argues that any amendment would be futile, *see* Def.'s Opp'n 5, so the Court can and will limit its discussion to the question of futility.

Only one of the claims included in the Proposed Second Amended Complaint requires any real discussion: the proposed contract claim based on the change in instructional format. *See* Proposed SAC ¶¶ 85-140. In its earlier Opinion and Order, the Court ruled that Marbury's instructional-format claim could proceed based on her allegation that a course registration portal for Spring 2020 classes stated that "'on-campus' courses would be 'taught with *only* traditional in-person, on-campus class meetings.'" 523 F. Supp. 3d at 524 (quoting FAC ¶ 106 (emphasis added)). In light of this language, the Court concluded, "Marbury plausibly allege[d] that Pace [had] breached a promise to provide specific services when it 'mov[ed] all classes online' beginning March 10, 2020, to prevent the spread of COVID-19." *Id.* (quoting FAC ¶ 41). As

---

[1] The Proposed SAC no longer includes a claim for conversion, *compare* ECF No. 28 ("FAC"), ¶¶ 208-18, *with* Proposed SAC, presumably because the Court granted Pace's motion for judgment on the pleadings as to that claim, *see* 523 F. Supp. 3d at 430-31.

3

Pace notes, *see* Def.'s Opp'n 6, and Plaintiff does not dispute, *see* Pl.'s Reply 3-5, the Proposed SAC omits any allegations regarding the language on the course registration portal, *compare* FAC ¶ 106, *with* Proposed SAC ¶¶ 122-24, presumably because, as Pace belatedly pointed out, that language applied to the Fall 2020 semester and postdated the relevant period, *see* ECF No. 60, at 3. In light of that change, the Court concludes that the proposed breach of contract claim regarding Pace's instructional format is futile, substantially for the reasons that the Columbia Plaintiffs' corresponding claim failed as a matter of law. *See* 523 F. Supp. 3d 422-26.

      Plaintiff's arguments to the contrary are unpersuasive.[2] Plaintiff relies on new allegations regarding Pace's marketing materials — specifically, advertisements that portray "the in-person experience at Pace University's physical campus [as] the primary benefit of attending Pace University," Pl.'s Reply 4 (citing Proposed SAC ¶ 23); market "in-person and online instruction" differently, *id.* (citing Proposed SAC ¶ 22); and describe "[b]rand new" facilities on campus, *id.* (citing Proposed SAC ¶ 24) — as evidence of "historical custom and course of dealings with students [that] created an implied contract for in-person instruction," *id.* As the Court explained in its earlier Opinion and Order, however, "a university's academic and administrative prerogatives may not be impliedly limited by custom." 523 F. Supp. 3d at 422-23 (cleaned up). Likewise, Plaintiff's new allegations about communications that "aggressively market[ed] the on-campus experience" and the benefits of "the physical location of the university" in New York City, *see* Proposed SAC ¶¶ 28-37, do not salvage the claim for the same reasons that similar allegations failed to support the Columbia Plaintiffs' claim, *see* 523 F. Supp.

---

[2] Notably, the case on which Plaintiff primarily relies, *Espejo v. Cornell Univ.*, 523 F. Supp. 3d 228 (N.D.N.Y. 2021), was reversed on reconsideration after Plaintiff filed her reply brief, *see Faber v. Cornell Univ.*, No. 3:20-CV-467 (MAD/ML), 2021 WL 4950287, at *2-3 (N.D.N.Y. Oct. 25, 2021), in part based on this Court's earlier Opinion and Order in this case.

4

3d at 423 ("[T]he references in Columbia's marketing materials to 'the on-campus experience' are not sufficient to support a claim" because "[m]any of these references are mere 'opinion or puffery' that is 'too vague to be enforced as a contract.'" (quoting *Bader v. Siegel*, 657 N.Y.S.2d 28, 29 (1st Dep't N.Y. App. Div. 1997)); *id.* ("[R]eferences to Columbia's 'physical location in New York City' in University publications and marketing materials do not support Plaintiffs' contract claim, because there is no claim that the University's actual location has changed.").

One new proposed allegation warrants additional analysis, but it, too, ultimately fails to move the needle. The Proposed SAC alleges that "students accepted into the Art program are enticed to attend Pace because 'Pace has a partnership with New York City's renowned International Center for Photography (ICP) so that Pace students can enroll in innovative courses at ICP's state-of-the-art facilities.'" Proposed SAC ¶ 109. Plaintiff contends that this language constitutes "an explicit statement from Pace University that . . . part of the education at Pace includes an on-campus component." Pl.'s Reply 4. But this contention is unpersuasive for a number of reasons. For starters, references to students' ability to "enroll" in courses in "state-of-the-art facilities" cannot support a breach of contract claim here because there is no allegation that any students were, in fact, prevented from enrolling in those courses. To the contrary, the Proposed SAC acknowledges that the "Spring term began on or about January 27, 2020," meaning that students were able to enroll in classes prior to Pace's announcement that classes were "moving . . . online" in March 2020. Proposed SAC ¶¶ 52-55. Additionally, the language excerpted by Plaintiff does not actually promise that the courses would take place exclusively at ICP's state-of-the-art facilities. *Compare* Proposed SAC ¶ 109, *with* FAC ¶ 106 (stating that "[o]n-campus" courses would be "taught with *only* traditional in-person, on-campus class meetings" (emphasis added)); *see also* 523 F. Supp. 3d at 422 (dismissing the Columbia

Plaintiffs' instructional format contract claim because "they fail[ed] to plead any specific promise by Columbia to provide *exclusively* in-person instruction" (emphasis added)). In short, Plaintiff's proposed instructional-format contract claim does not "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Accordingly, the motion for leave to amend the Complaint to include that claim must be and is DENIED on the basis of futility.[3]

The Court need not dwell on the other claims in the Proposed SAC. First, the Court previously dismissed Marbury's breach of contract claim related to on-campus housing and meals, as well as her unjust enrichment claim and claims for violations of New York General Business Law. *See* 523 F. Supp. 3d at 429-31. Plaintiff fails to identify — and the Court has not found — anything in the Proposed SAC that would call for a different result as to these claims. In fact, Plaintiff explicitly states that she does not seek "to re-litigate previously dismissed claims" and that these claims are included merely to "preserv[e]" them "for appeal." Pl.'s Reply 7-8. Thus, leave to amend is DENIED on futility grounds as to these claims too. By contrast, the Court previously held that Marbury "narrowly" stated a plausible contract claim related to student fees for campus facilities and activities. *See* 523 F. Supp. 3d at 428. The allegations in the Proposed SAC are, as Pace concedes, "identical to the . . . allegations in the amended complaint." Def.'s Opp'n 8. It follows that amendment to include that claim would *not* be futile. *See Lucente*, 310 F.3d at 258; *see also, e.g.*, *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (describing "law of the case doctrine," which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the

---

[3] In the alternative, the proposed changes to the instructional-format contact claim would fail the Rule 16(b)(4) "good cause" standard, as the new allegations regarding Pace's marketing materials appear to "rest[] on information that [Plaintiff] knew, or should have known, in advance of the deadline" to amend the First Amended Complaint. *Alaska Elec. Pension Fund*, 306 F. Supp. 3d at 626 (S.D.N.Y. 2018); *see* Pl.'s Mem. 2-3; Pl.'s Reply 1-2.

same case unless cogent and compelling reasons militate otherwise" (cleaned up)).  Pace's argument to the contrary — that Plaintiff would have bolstered her claim if she could have because she has "now had the benefit of discovery," Def.'s Opp'n 8-9 — is frivolous, as Plaintiff need not nudge her claims even further across the plausibility line.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a Second Amended Complaint is GRANTED in part and DENIED in part.  More specifically, the motion is GRANTED to the extent that it seeks to substitute Tapinekis for Marbury and to the extent that it seeks to assert a contract claim relating to the fees associated with on-campus facilities and activities.  Otherwise, the motion is denied.  No later than **November 29, 2021**, Tapinekis shall file as a standalone document the Second Amended Complaint, which shall supersede the First Amended Complaint.[4]  Pace shall file an answer **within two weeks of the Second Amended Complaint** being filed, and the parties shall appear for a conference with the Court on **December 22, 2021**, at **2:30 p.m.**  The conference will be held remotely by telephone in accordance with Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with a list of

---

[4]     Unless the parties agree otherwise, Plaintiff need not conform the Second Amended Complaint to this Memorandum Opinion and Order.  Instead, Plaintiff may just file the Proposed SAC as the operative pleading, though the only claim that will proceed is the contract claim relating to the fees associated with on-campus facilities and activities.

7

counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

The Clerk of Court is directed to terminate ECF No. 88 and to substitute Elizabeth Tapinekis for Xaviera Marbury as the named Plaintiff in the case.

SO ORDERED.

Dated: November 24, 2021
       New York, New York

                                            JESSE M. FURMAN
                                         United States District Judge